NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HENRY GOODELMAN, | : | |
| | : | Civil Action No. 24-10980-CCC-AME |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION and ORDER |
| | : | |
| LIVE NATION WORLDWIDE, INC., et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the motion filed by pro se plaintiff Henry Goodelman ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 7]. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I.   BACKGROUND**

This action arises from alleged religious discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq*. Plaintiff is a follower of the Orthodox Jewish faith who attempted to purchase tickets to the Oasis reunion concert scheduled for 2025 at MetLife Stadium in New Jersey. Defendants are various concert promoters, operators, and other entities involved in staging live entertainment, specifically the Oasis concert Plaintiff wished to attend. According to the Complaint, the presale ticket date of October 3, 2024, and general sale date of Friday, October 4, 2024 coincided with Jewish holiday Rosh Hashanah followed immediately by the Sabbath. Plaintiff alleges that because his religion forbids him from "using electricity, handling money, or accessing the internet" during Rosh Hashanah and during the Sabbath, he could not participate in the presale and general sale.

(Compl. at 2.) Plaintiff further alleges that upon announcement of the ticket sale dates, he contacted Defendants to explain this situation and request a "religious accommodation to ensure fair access to ticket sales." (*Id.* at 3.) Specifically, Plaintiff requested he be permitted to submit an advance order to purchase three tickets for either the "pit or … lower level" of the concert venue. (*Id.*, Ex. 1.) However, according to the Complaint and its attached exhibits, Plaintiff was not granted advance access to the ticket sales and, when he attempted to purchase tickets on or about October 6, 2024, the concert dates were sold out. Plaintiff alleges that "Defendants' collective failure to accommodate the Plaintiff's religious observance, despite timely and advanced notice, constitutes a violation of NJLAD, as it deprived the Plaintiff of access to a public accommodation on equal terms with the general public." (*Id.* at 4.)

On or about November 2, 2024, Plaintiff filed a Complaint in the Superior Court of New Jersey, asserting an NJLAD claim and seeking compensatory, declaratory, and injunctive relief as well as punitive damages. He also filed a request for issuance of an Order To Show Cause, which was denied by the Superior Court. On December 9, 2024, Defendant Ticketmaster, LLC ("Ticketmaster") removed this action, based on diversity jurisdiction under 28 U.S.C. § 1332. Shortly thereafter, Ticketmaster filed a motion to dismiss, and Plaintiff opposed it. That motion remains pending.

On January 7, 2025, Plaintiff filed this motion for appointment of pro bono counsel.

## II.   DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding

the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Plaintiff asserts he needs legal representation because the action involves complex issues of law and fact and because he lacks the legal expertise required to effectively present his case. Additionally, Plaintiff states he is currently recovering from foot surgery, rendering it burdensome to dedicate the time and effort required to submit Court filings. Lastly, concerning his financial situation, Plaintiff asserts he is currently on medical leave from work and thus the expense of hiring an attorney exceeds his means.

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on

frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

Here, Plaintiff's motion for pro bono counsel does not appear to surmount *Tabron*'s threshold requirement that the action have some arguable merit in fact and law. Plaintiff alleges Defendants' failure to grant his requested accommodation, permitting him an opportunity to purchase tickets to the Oasis concert when they went on sale and still observe his religious restrictions, constituted an act of religious discrimination in violation of the NJLAD. However, to state a plausible claim for public accommodation discrimination under the NJLAD, a plaintiff must allege he was denied equal treatment on the basis of his membership in a protected class. *See Greene v. Lance*, No. 21-14399, 2022 WL 1241309, at *4 (D.N.J. Apr. 27, 2022). At a minimum, the claim must be based on the alleged denial, based on a plaintiff's religion or other protected category, of "advantages, facilities or privileges" that are otherwise provided by the defendant to the public. *See Alston v. Monmouth County Prosecutor's Office*, No. 21-5633, 2014 WL 1095716, at *9 (D.N.J. Mar. 19, 2014) (citing N.J.S.A. 10:5-12(f)).

In this action, Plaintiff does not allege he was denied equal treatment but, rather, that he was denied special treatment based on Defendants' refusal to accept a purchase order submitted before tickets became available to the public. Nor is there any factual allegation that the ticket sale dates were selected and designed to deprive a particular protected class, here persons practicing Orthodox Judaism, from access to concert tickets. Without expressing any view on Ticketmaster's pending motion to dismiss, this Court concludes, for purposes of evaluating this motion for pro bono counsel, that Plaintiff's action appears to lack arguable merit, thus militating against appointing counsel.

Additionally, even assuming the threshold requirement for appointment of counsel in a civil action were satisfied here, the *Tabron* factors weigh against granting Plaintiff the relief he seeks. The Court will consider the six factors in turn.

First, Plaintiff has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Plaintiff's various filings to the Court demonstrate he is not only literate, but displays a firm command of the legal terminology and the basis for his action. Plaintiff filed a cogent and well-organized Complaint in the Superior Court of New Jersey, together with a request for issuance of an Order To Show Cause, setting forth his experience concerning his attempt to purchase tickets and the basis for claiming his rights under the NLAD were violated. After the action was removed to federal court, Plaintiff continued to successfully navigate the filing process and to ably present his arguments and requests for relief. His various filings include an opposition to Ticketmaster's motion to dismiss and a request for issuance of a summons from this Court so that service may be made on foreign defendants under the Hague Convention. Plaintiff has demonstrated an ability to prepare and file documents with the Court without the assistance of counsel, as well knowledge of the procedural and substantive matters involved in pursuing this action. For these reasons, the first *Tabron* factor weighs heavily against Plaintiff's request for the appointment of counsel.

Second, this action does not involve overly complex legal or factual issues. Although Plaintiff asserts the lawsuit is complex because it involves claims under the NJLAD, the case revolves around the straightforward allegation that Defendants' failure to accept Plaintiff's ticket

5

purchase order as an accommodation for his religious observances constituted unlawful discrimination. This factor also weighs against appointment of counsel.

Third, this action is not likely to require extensive discovery. The claims arise out of a narrow set of facts, largely set forth in the allegations of the Complaint. Assuming this case proceeds to the discovery phase, written interrogatories, document demands, and depositions will likely be required to explore those allegations, but the Court notes Plaintiff has demonstrated his capability to access resources, draft legal documents, and review case filings. He has not identified any insurmountable difficulty in engaging in discovery that would necessitate appointment of counsel.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Plaintiff has not requested to proceed *in forma pauperis*. Moreover, although he asserts that his current medical leave from employment has impacted his finances and ability to pay an attorney, Plaintiff has failed on this motion to present any evidence of indigence and persuasively demonstrate that he lacks the financial means to retain counsel.

Fifth, this action does not appear to depend on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Nothing in the record suggests that this case will involve a swearing contest. Rather, it appears the case will turn primarily on whether the alleged failure to accommodate Plaintiff's ticket purchase order violates his rights under the NJLAD. Such a question may be resolved on the objective evidence, or lack thereof, and not solely competing declarations or testimony.

Sixth, the Court must consider whether the action may require expert testimony. Although this action is in its earliest stages, neither the Complaint nor Plaintiff's motion for appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Here, the totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent Plaintiff in this action.

### III.   CONCLUSION AND ORDER

As set forth above, the Court concludes, in its discretion, that appointment of pro bono counsel to represent Plaintiff is not warranted. Accordingly,

**IT IS** on this 5th day of February 2025,

**ORDERED** that the motion by plaintiff Henry Goodelman for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 7] is **DENIED**.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge